## Snell v. Nickles.

*Statutory demurrer to set-off or counter-claim—Practice Act of May 14, 1915.*

1. Under section 15 of the Practice Act of May 14, 1915, P. L. 483, a set-off or counter-claim may be attacked by a reply raising a question of law.

2. Defects in the form of a pleading may be attacked by a motion to strike off; defects in substance, by a statutory demurrer.

3. A set-off or counter-claim in the nature of a tort setting up a fraud practiced upon the plaintiff is bad and will be stricken off.

Statutory demurrer to counter-claim. C. P. No. 1, Phila. Co., Sept. T., 1921, No. 7517.

*L. B. Schofield,* for plaintiff; *J. B. Lichtenberger,* for defendant.

BARTLETT, J., April 21, 1922.—This case came on for hearing on the argument list for disposition of a question of law raised in the reply to a counter-claim set up in the defendant's affidavit of defence; likewise raising the question as to whether this was the proper practice. No formal motion was filed.

The record in the case shows the plaintiff brought an action in *assumpsit* to recover on three promissory notes.

To the statement of claim defendant filed his affidavit of defence, setting up a counter-claim, to which counter-claim the plaintiff filed a reply in the nature of a demurrer.

Section 14 of the Practice Act of May 14, 1915, P. L. 483, provides: "In actions of *assumpsit,* a defendant may set off or set up by way of counter-claim against the claim of the plaintiff any right or claim for which an action of *assumpsit* would lie, and a verdict may be rendered in his favor for the amount found to be due, and judgment entered thereon. If in any case in which the defendant sets up a counter-claim the action of the plaintiff is discontinued, dismissed or a voluntary non-suit suffered, the counter-claim, nevertheless, may be proceeded with."

Snell *v.* Mickles.

Section 15 of the Practice Act of 1915 provides, *inter alia:* "The set-off or counter-claim shall be regarded as the defendant's statement of claim, and the plaintiff's reply as an affidavit of defence thereto."

In the case at bar, therefore, the defendant's set-off or counter-claim is to be regarded as his statement of claim, and as a statement of claim may be attacked by an affidavit of defence raising a question of law, we see no reason why a set-off or counter-claim should not be attacked in the same manner.

Defects in form may be attacked by motions to strike off; defects in substance by the plaintiff's reply raising questions of law.

In the case at bar the set-off or counter-claim is one in the nature of a tort, setting up a fraud practiced upon the plaintiff.

The Practice Act provides that set-off or counter-claim, to be good in law, must be "any right or claim for which an action of *assumpsit* would lie."

For the above reason, we regard it proper practice to attack the counter-claim, as was done by the plaintiff in this case, and the court, therefore, sustains the question of law raised by the reply filed, and the counter-claim of the defendant, as filed in his affidavit of defence, is stricken off.